MARVIN, Judge.
After a jury trial in this action for personal injury damages, we granted an alternative supervisory writ to determine whether the trial court abused its much discretion in granting a new trial on all issues and in not granting defendant’s motion for a judgment dismissing plaintiff’s action because the jury, among other things, found that plaintiff had assumed the particular risk out of which the action arose. CCP 1971, 1973.
We reverse the granting of a new trial and remand with instructions.
Plaintiff was a passenger in the bed of a pickup truck which was being driven across an open field by the insured driver allegedly “in a negligent manner” and “at an excessive speed” across “ditches and other rough terrain” and caused plaintiff to be thrown from the truck and suffer injury.
A special verdict was prepared for the jury, the interrogatories on which were apparently approved by the court and by both counsel. In this order, the jury answered that the driver was negligent and proximately caused the damage, that the “percentage degree” of the driver’s negligence was 50 percent, that plaintiff assumed the risk of his injury, that plaintiff was negligent and proximately caused the damage, that the percentage degree of plaintiff’s negligence was 50 percent, and that the total amount of the damage sustained was $180.
The trial court recognized' the dilemma presented by the jury finding that plaintiff had assumed the risk of injury and yet thereafter impliedly finding that plaintiff was entitled to a judgment.[1]
We are of the opinion that a new trial should not have been granted. The case *513 was fully tried before a jury and the appeal of a judgment resulting from the jury verdict (whatever that verdict) will allow us to review on the merits the facts and the law and to render a judgment that is just, legal, and proper upon the record.[2] CCP 2164.
The plaintiff has not responded to our grant of defendant’s writ application and the merits of the case have not been fully briefed by either litigant. The defendant moved that a new trial be granted for the purposes of reargument only and the implied denial of this motion by the trial court is obliquely complained of in the writ application to the extent that defendant seeks to have us say at this time that the plaintiff’s action should be dismissed because plaintiff was found to have assumed the risk. In the interest of judicial economy and justice, and to avoid the needless expense of a new trial on all issues, we shall remand the case with instructions that the trial court, with or without further argument or hearing, as the trial court elects, render and sign a judgment in favor of one party or the other in accord with law which, if appealed, will allow us to exercise proper appellate review.
The ruling of the trial court complained of is reversed and this case is remanded with instructions. Costs of the writ application and disposition are to be assessed to plaintiff-respondent. Costs relating to the trial of the case are to be assessed by the trial court in the judgment to be signed.
The writ granted is perpetuated, the order or ruling granting a new trial is reversed, and the case is remanded with instructions.

. “THE COURT: To be real honest with you, Gentlemen, we are all in a perplexing situation ... I think we all have to take part of the blame, as a matter of fact, because I think the *513 special verdict was in line with ... instructions ..., but quite frankly I do not believe that [the jury] understood exactly what they were there to do. And certainly I would love some direction at this time from the Court of Appeal, if there is any way possible that they would grant it to me.... I think there is an issue there for the assumption of risk that needs to be decided. I think that looking back on it, the jury might need additional instructions on assumption of risk.... In the interest of justice, I feel that for the benefit of both parties, that a new trial should be granted to determine all of the issues ■presented. If there is any way in the meantime, if any writs could be secured to the Court of Appeal, relative to determine exactly what their feelings are. I would certainly welcome that....”

. The “special verdict” completed by the jury read:
“1. Was T.G. Thomas negligent?
Yes JL No _
“2. If your answer to the previous question was yes, was the negligence of T.G. Thomas a proximate cause of the damage?
Yes X No _
“3. If your answer to the previous question was yes, please express the degree of such negligence in a percentage.
50 %
“4. Did Louis E. Thomas assume the risk of his injury?
Yes JL No _
“5. Was Louis E. Thomas negligent?
Yes JL No _
“6. If your answer to the previous question was yes, was the negligence of Louis E. Thomas a proximate cause of the damage?
Yes JL No _
“7. If your answer to the previous question was yes, please express the degree of such negligence in a percentage.
5Q %
“8. The total amount of damages sustained as a result of the injury expressed in dollars is: $ 180.00 ”
What the jury understood about the effect of their “yes” answer to No. 4 may be speculated perhaps as defendant argued on the motion for new trial or perhaps as plaintiff argued. In any event, the appeal will allow us to review the record in the light of the special verdict.